06-195 T

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **SANDRA CONNORS,**<br>**Plaintiff,**<br><br>v.<br><br>**CITY OF PROVIDENCE,**<br>by and through its Treasurer,<br>**STEPHEN T. NAPOLITANO,**<br>**ROBERT DICARLO**, individually and in his official capacity as a police officer employed by the City of Providence, **DONALD BRIEN**, individually and in his official capacity as a police officer employed by the City of Providence,<br>**Defendants** | : | **C.A. No. PC 06-0335** |

## AMENDED COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking relief for injuries suffered as a result of acts and/or omissions committed by Defendants in violation of the Article I, §6 of the Rhode Island Constitution and common law.

### II. Parties

1. The Plaintiff is a resident of the Town of North Conway, State of New Hampshire.

2. Defendant City of Providence ("City") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, Stephen T. Napolitano, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

3. Defendant Robert DiCarlo ("DiCarlo") is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

4. Defendant Donald Brien ("Brien") is sued individually and in his official capacity as a police officer employed by the City of Providence Police Department.

## III. Jurisdiction

5. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

## IV. Venue

6. Venue is proper in this Court in accordance with R.I.G.L §9-4-3.

## V. Material Facts

7. On or about February 2, 2003, while at the Complex Club ("Club") located in Providence, Rhode Island, the Plaintiff witnessed her sister, Michelle C. Connors ("Ms. Connors"), being assaulted by Defendant DiCarlo.

8. At that time, the Plaintiff, along with the assistance of Defendant Brien, attempted to pull Defendant DiCarlo from Ms. Connors.

9. Defendant DiCarlo then released Ms. Connors and grabbed the Plaintiff by her throat, threw her against a wall, and choked her.

10. Defendant Brien and the Plaintiff's boyfriend, Joseph Moreira, interceded on behalf of the Plaintiff, and Defendant DiCarlo eventually released the Plaintiff.

11. The Plaintiff then asked Defendant DiCarlo for his badge number and advised that she would file a complaint against him.

12. In response, Defendant DiCarlo opened his coat and exposed his badge number and stated, "There's my fucking badge number you stupid fucking bitch. Go ahead and try to press charges on me."

13. Defendant DiCarlo then pepper-sprayed the Plaintiff and Mr. Moreira and removed them from the Club.

14. That Defendant City failed to properly select, train, instruct, supervise, and discipline officers in the City Police Department, including Defendants DiCarlo and Brien, relative to law of search and seizure resulting in the illegal and unlawful search, seizure, and detention of the Plaintiff.

15. That on information and belief, during all relevant time periods, a custom or policy existed in the City Police Department wherein police officers' misconduct was encouraged, ignored, acquiesced to and/or condoned, and to which Defendant City was deliberately indifferent.

16. That Defendant City is liable under the doctrine of respondeat superior for the negligent acts and/or omissions of its agents, including Defendants DiCarlo and Brien, police officers employed by the City Police Department, whose acts and/or omissions were within the scope of their employment and were the proximate cause of the serious injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

17. The Defendants knew or should have known that the seizure of the Plaintiff was without reasonable cause and was therefore unlawful under the circumstances. Despite such knowledge, the City, by and through its policy-making officials and agents, approved, ignored, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to the practice of routinely seizing, assaulting, and battering individuals without legal cause, and failed to change or eliminate such unlawful policy.

18. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the Plaintiff's constitutionally

protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's civil rights and cause the Plaintiff great harm.

19. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, these described herein, the Plaintiff has suffered, and will continue to suffer, severe physical pain and suffering, severe mental anguish, incur expenses for medical care and treatment, deprivation of her civil rights, and other great damage.

## VI. Claims for Relief

20. The Plaintiff incorporates in the Counts below the allegations contained in ¶¶1–19 above.

### Count One
### Negligence

21. That Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

### Count Two
### Assault

22. That Defendants DiCarlo and Brien, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

**Count Three**
**Battery**

23. That Defendants DiCarlo and Brien, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did intentionally cause offensive contact with and unconsented touching of the Plaintiff as well as trauma upon the body of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

**Count Four**
**Article I, §6 of the Rhode Island Constitution**

24. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable searches and seizures, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

**VII. Prayers for Relief**

**WHEREFORE,** Plaintiff prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, violated Article I, §6 of the Rhode Island Constitution by causing Plaintiff to be unlawfully seized.

2. An award of compensatory damages.

3. An award of punitive damages.

4. An award of prejudgment interest as well as reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

5. Such other and further relief as the Court deems just and proper.

**VII. Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all counts so triable

**IX. Designation of Trial Counsel**

Plaintiff hereby designates V. Edward Formisano, Esq., as trial counsel.

PLAINTIFF,
By her Attorneys,
SINAPI, FORMISANO & CO., LTD.

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)